■ PHILIP J. REA et al., Appellants, v ALBERT ELIA BUILDING COMPANY, INC., Respondent and Third-Party Plaintiff-Respondent. FURNCO CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent. — Order unanimously reversed, with costs, and motion granted. Memorandum: Plaintiff Philip John Rea is a welder employed by third-party defendant Furnco Construction Corporation, a subcontractor of defendant third-party plaintiff Albert Elia Building Company, Inc. On June 10, 1976 he and a co-worker were on a scaffold erecting metal framework inside a holding tank being constructed as a part of a sewage treatment plant for the Town of Tonawanda. Plaintiff alleges that while he was so engaged, one of the ropes by which the scaffold was suspended parted and he fell to the concrete floor of the tank and he sustained serious injuries. Plaintiffs, husband and wife, moved for partial summary judgment claiming that the defendant is absolutely liable pursuant to the provisions of subdivisions 1 and 3 of section 240 of the Labor Law. The statute provides that all scaffolding shall be "so constructed, placed and operated as to give proper protection" to employees using it (Labor Law, § 240, subd 1) and it shall be "so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon when in use" (subd 3). Plaintiffs' pleadings bring their claim within both sections of the statute: they allege that the scaffold fell while in normal use, occupied by two men, when the rope parted causing it to fall. In rebuttal, defendant submitted the affidavit of its attorney. It does not deny plaintiffs' version of how the accident happened, it does not question plaintiffs' assertion that the scaffold fell because the rope parted, or that it was in normal use occupied by two men at the time. Neither does defendant allege that the scaffold was overloaded. That being so, there are no factual issues on liability requiring a trial. Defendant has an absolute duty under the statute which it may not avoid by showing plaintiff's fault or its own lack of fault (see *Haimes v New York Tel. Co.,* 46 NY2d 132; *Pereira v Herman Constr. Co.,* 74 AD2d 531; *Long v Murnane Assoc.,* 68 AD2d 166, mot for lv to app den 48 NY2d 776). (Appeal from order of Niagara Supreme Court — partial summary judgment.) Present — Dillon, P. J., Simons, Schnepp, Callahan and Doerr, JJ.