**Georgia CUNNINGHAM, for herself, and as Personal Representative of the Estate of Mitchell Cunningham, Deceased, and as Guardian Ad Litem for the Minor Children of the Parties, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–84–109–BU.**

United States District Court, D. Montana, Butte Division.

April 15, 1985.

---

Leonard J. Haxby, Butte, Mont., for plaintiff.

Robert J. Brooks, Asst. U.S. Atty., Butte, Mont., for defendant.

## MEMORANDUM and ORDER

WILLIAM D. MURRAY, Senior District Judge.

The wife of a deceased chemical plant employee brought suit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* Plaintiff alleges negligence on the part of Department of Labor safety inspectors allowed her husband's employer, Stauffer Chemical Company, to maintain an unreasonably dangerous workplace. According to the complaint, Stauffer Chemical and its employees relied on the government to conduct careful safety reviews and to require necessary improvements. The plaintiff contends federal inspectors failed to do so. Plaintiff alleges the inspectors' negligence resulted in her husband sustaining fatal burns in an accident at the chemical plant.

The case comes before the court on defendant's motion to dismiss. Among the grounds for dismissal advanced by the government are: (1) plaintiff failed to exhaust her administrative remedies; (2) the action is barred by the "discretionary function exception" to the Tort Claims Act; and (3) defendant owed no duty to the decedent under either federal or state law. For the reasons stated below, the court concludes plaintiff's claims against the United States are barred by the discretionary function exception. 28 U.S.C. § 2680(a).

## BACKGROUND

For the purpose of the pending motion, the allegations of fact contained in the complaint are taken as true. On August 14, 1982, the decedent was working at Stauffer Chemical's phosphate plant in Silver Bow County, Montana. An equipment failure caused decedent to be sprayed with raw phosphorous, severely burning more than 80 percent of his body. He died the following day.

Records of the Occupational Safety and Health Administration (OSHA), Department of Labor, reveal the agency conducted safety inspections of the plant on the following dates: March 1, 1973; March 20,

1979; and July 6, 1979. OSHA also conducted health inspections on ten occasions between September 4, 1973 and May 25, 1982.

The complaint is in two counts. The first alleges OSHA inspectors failed to exercise due care to discover, analyze and warn of safety hazards at the Stauffer facility. Plaintiff identifies a series of transgressions by the federal inspectors, including: (1) failure to require multiple exits in the P–4 area of the plant in which the decedent was injured; (2) failure to require pressures in the piping system be kept within tolerable levels; (3) failure to require the piping system be protected from physical stress; (4) failure to require the plant's pump system be properly safeguarded; and (5) failure to require proper safety shielding over valves and other connections. Plaintiff contends the plant's safety hazards could have been corrected had defendant's inspectors exercised reasonable care. In the first count, plaintiff seeks damages of $1,500,000 for herself and $2,000,000 for her minor child.

The second count realleges the facts stated above. It alleges that as a result of the government's negligent inspections the decedent suffered grievous physical and mental pain and anxiety. Plaintiff, as the decedent's personal representative, seeks an additional $1,000,000 in damages in this count.

## DISCUSSION

The court need not address all of the grounds for dismissal advanced by the government. Determination of the pending motion depends upon consideration of a single ground: the discretionary function exception of the Tort Claims Act bars plaintiff's claims. It should be noted the issue of negligence is irrelevant to the court's discretionary function inquiry. At this stage of the proceedings the court will assume defendant did not exercise ordinary and reasonable care in inspecting the Stauffer plant. The sole issue is whether the defendant's conduct comes within the statutory exception.

The United States can be sued only to the extent it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 813–14, 96 S.Ct. 1971, 1975–76, 48 L.Ed.2d 390 (1976). Waivers of immunity cannot be implied, but rather must be made in clear, express terms. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). Statutes waiving immunity must be construed strictly. *Reynolds v. United States*, 643 F.2d 707, 713 (10th Cir.1981), *cert. denied*, 454 U.S. 817, 102 S.Ct. 94, 70 L.Ed.2d 85. Thus, the United States may not be sued without its consent and the terms of such consent define the court's jurisdiction.

In *United States v. Orleans*, supra, the Supreme Court reaffirmed the principle that the "Federal Tort Claims Act is a limited waiver of immunity" and, as such, "due regard must be given to the Act's exceptions." 425 U.S. at 813–814, 96 S.Ct. at 1975–76.

In enacting the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.*, Congress directed the Secretary of Labor to promote safe, healthful working conditions. The Act authorizes the Secretary to establish mandatory standards to further this goal. These standards are codified at 29 C.F.R. §§ 1900 *et seq.* The government polices compliance with these workplace standards through inspections, citations and penalties. 29 C.F.R. § 1903. Although federal inspectors review workplace safety, the Act expressly provides employers are responsible for maintaining workplaces free from health and safety hazards. 29 U.S.C. § 654(a)(1).

The Federal Tort Claims Act renders the United States liable for damages:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of

the place where the act or omission occurred.

28 U.S.C. § 1346(b).

The Act further provides the United States shall be liable with respect to tort actions "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

The Tort Claims Act, however, does not waive the sovereign immunity of the United States in all cases. Several classes of tort claims are excepted from the Act's waiver of immunity. Of particular importance to the present case is the "discretionary function exception" found in 28 U.S.C. § 2680(a). The Tort Claims Act shall not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, *or based upon the exercise or performance or the failure to exercise or perform a discretionary function* or duty on the part of a federal agency or an employee of the Government, *whether or not the discretion involved be abused.*

28 U.S.C. § 2680(a) (emphasis added).

The court concludes the discretionary function exception applies to this case. The statutory exception to liability under the Tort Claims Act is jurisdictional. *See Dalehite v. United States,* 346 U.S. 15, 24, 73 S.Ct. 956, 962, 97 L.Ed. 1427 (1953). The exception constitutes a retention of sovereign immunity otherwise waived by the Act. As a matter of law, the allegations of fact contained in the complaint cannot give the court jurisdiction in this action.

Plaintiff alleges the government's tort liability stems from the negligence of its OSHA safety inspectors. The agency records reveal a series of safety and health inspections took place in the ten-year period prior to the decedent's accident. Plaintiff contends that the inspectors' negligent failure to discover safety hazards, and require their correction, at the Stauffer Chemical plant gives rise to a cause of action against the government pursuant to the Tort Claims Act.

Defendant, on the other hand, insists the primary responsibility for satisfying workplace safety standards rests on the employer, not the government. *See* 29 U.S.C. § 654(a)(1). The United States argues its role is limited to policing the conduct of private individuals by reviewing their compliance with the standards and regulations promulgated by the Secretary of Labor. The federal government accomplishes its monitoring function through inspections, citations and penalties. Defendant argues those regulatory acts are precisely the types of conduct protected by the discretionary function exception.

The government's argument is well taken. That position is consistent with the Supreme Court's recent decision in *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). In *Varig* and the consolidated case of *United Scottish Insurance Co. v. United States,* the plaintiffs sued the United States under the Tort Claims Act alleging that the Federal Aviation Administration negligently certified commercial aircraft. In each instance, an in-flight fire damaged the plane and resulted in deaths and injuries.

■ When the discretionary function exception is invoked, the basic inquiry is "whether the challenged conduct of a Government employee—regardless of status—is of the nature and quality that Congress intended to shield from tort liability." *Varig,* 467 U.S. at ——, 104 S.Ct. at 2764. The statutory exception "plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." *Id.*

The same analysis applies to this case. Congress has directed the Secretary of Labor to promote workplace safety. Implementation of that goal, however, including the establishment of mandatory safety and health standards, has been left to the dis-

cretion of the federal agency. That discretion necessarily extends to the agency's acts in monitoring compliance with federal regulations. If the OSHA inspectors acted negligently in reviewing Stauffer Chemical's compliance with federal safety standards, the statutory exception remains applicable even though such activity is an abuse of discretion. The Tort Claims Act itself exempts discretionary functions "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

It should be noted that the Supreme Court reaffirmed its *Varig* decision in *United States v. Hylin*, — U.S. —, 105 S.Ct. 65, 83 L.Ed.2d 16 (1984). In *Hylin*, the Court vacated a Seventh Circuit decision that the United States was not exempt from tort liability under the discretionary function exception for alleged negligence on the part of Mine Enforcement and Safety Administration inspectors. Indicating that regulatory inspections are the kind of conduct protected by the discretionary function exception, the Court remanded the *Hylin* case for further consideration in light of *Varig*.

Congress specifically authorized the Secretary of Labor to establish workplace safety standards. In enforcing compliance, the government conducts safety inspections. These inspections are designed to ensure that employers satisfy their duty to maintain safe, healthful workplaces. While the government polices employer compliance, employers retain responsibility for workplace safety. Under the *Varig* rule, the monitoring function performed by OSHA inspectors is exempt from Tort Claims Act liability.

The United States is not amenable to a tort action based upon the conduct of federal inspectors reviewing compliance with workplace safety regulations. Thus, this court lacks jurisdiction over the subject matter of plaintiff's claims. Because this conclusion rests on the discretionary function exception of the Tort Claims Act, the court finds it unnecessary to address the additional grounds for dismissal presented by defendant.

THEREFORE IT IS ORDERED and this does order that defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.