786 F.2d 1445
 54 USLW 2548, 12 O.S.H. Cas.(BNA) 1819
 Georgia CUNNINGHAM, for herself, and as Personal
Representative of the Estate of Mitchell
Cunningham, Deceased, and as Guardian Ad
Litem for the Minor Children
of the Parties,
Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 85-3791.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 13, 1986.
Decided April 15, 1986.
 
 Leonard J. Haxby, Butte, Mont., for plaintiff-appellant.
 Phyllis Jackson Pyles, Dept. of Justice, Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the District of Montana.
 Before WALLACE and SKOPIL, Circuit Judges, and HENDERSON,* District Judge.
 SKOPIL, Circuit Judge:
 
 
 1
 Georgia Cunningham appeals from a district court's dismissal of her cause of action brought under the Federal Torts Claims Act, 28 U.S.C. Sec. 2674 ("FTCA"). We affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 Mitchell Cunningham was an employee at the Stauffer Chemical Company Phosphate Plant ("Stauffer Plant") in Silverbow County, Montana. On August 14, 1982 Cunningham was sprayed with raw phosphorous. He died the following day.
 
 
 3
 The Stauffer Plant is subject to inspection and regulation by the Occupational Safety and Health Administration ("OSHA"), Department of Labor. OSHA conducted two safety and ten health inspections of the Stauffer Plant between 1973 and 1982. The Stauffer Plant received no OSHA citations prior to 1982. Thereafter, OSHA conducted a post-accident inspection and cited the Stauffer Plant for several deficiencies.
 
 
 4
 Georgia Cunningham brought a cause of action against the United States under the FTCA, contending OSHA safety inspectors failed to exercise reasonable care in performing their inspections of the Stauffer Plant. She argued the deficiencies found in the post-accident inspection would have been identified and remedied by the plant prior to the fatal accident if OSHA had conducted its prior inspections properly.
 
 
 5
 The district court, 625 F.Supp. 1016, granted the government's motion to dismiss on the grounds that the action was barred by the discretionary function exception. Cunningham appeals.
 
 DISCUSSION
 
 6
 A party may bring a cause of action against the United States only to the extent it has waived its sovereign immunity. United States v. Orleans, 425 U.S. 807, 814, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976). A party bringing a cause of action against the federal government bears the burden of demonstrating an unequivocal waiver of immunity. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.1983), cert. denied, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984).
 
 
 7
 A court lacks jurisdiction over a cause of action if the federal government's alleged negligence is "based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. Sec. 2680(a). See Dalehite v. United States, 346 U.S. 15, 33, 73 S.Ct. 956, 966, 97 L.Ed. 1427 (1953).
 
 
 8
 The nature of the conduct involved governs whether the so-called discretionary function exception applies. United States v. S.A. Empresa de Viacao Aerea Rio Grandense ("Varig Airlines"), 467 U.S. 797, 104 S.Ct. 2755, 2764-65, 81 L.Ed.2d 660 (1984). "[T]he basic inquiry ... is whether the challenged acts of a government employee--whatever his or her rank--are of the nature and quality that Congress intended to shield from tort liability." Id. The purpose of the exception is to prevent judicial second-guessing of administrative decisionmaking based on social, economic, and political policy. Id. 104 S.Ct. at 2765. " '[I]f judicial review would encroach upon this type of balancing done by an agency, then the exception would apply.' " Chamberlin v. Isen, 779 F.2d 522, 523 (9th Cir.1985) (quoting Begay v. United States, 768 F.2d 1059, 1064 (9th Cir.1985) ).
 
 
 9
 Georgia Cunningham claims OSHA was negligent in conducting its inspections. OSHA safety inspections are similar to those discussed in Varig Airlines. In Varig Airlines, the Civil Aeronautics Agency allegedly negligently inspected and certified an aircraft that did not meet minimum fire safety standards. 104 S.Ct. at 2758. The Supreme Court found that a negligent failure to inspect falls within the discretionary function exception. Varig Airlines, 104 S.Ct. at 2768. The Court emphasized that the manufacturer has "the duty to ensure that an aircraft conforms to FAA safety regulations ... while the FAA retains the responsibility for policing compliance." Id. at 2768. The same is true for companies operating under the directives of OSHA. The employer has the statutory responsibility for maintaining a safe workplace. 29 U.S.C. Sec. 654(a).
 
 
 10
 This court, in Natural Gas Pipeline Co. v. United States, 742 F.2d 502, 504-05 (9th Cir.1984) found that FAA's alleged failure to discover aircraft defects and to adequately monitor aircraft safety was protected by the discretionary function exception. The same is true in this case for OSHA's alleged failure to adequately monitor the Stauffer Plant. Both OSHA's decision to review the employer's compliance with safety standards and its actual inspections of the Stauffer Plant are discretionary functions. Congress has left to OSHA's discretion the establishment of safety standards and the enforcement of those standards. "When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind." Varig Airlines, 104 S.Ct. at 2768. See also Begay, 768 F.2d at 1064 (decision whether to implement safety regulations in uranium mines is within Varig's coverage).
 
 
 11
 The acts of OSHA inspectors in executing agency directives are protected by the discretionary function exception. See Varig Airlines, 104 S.Ct. at 2768; Dalehite, 346 U.S. at 36 ("acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable"); see also Begay, 768 F.2d at 1064.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Thelton E. Henderson, United States District Judge for the Northern District of California, sitting by designation