**Eduardo SILVA, Plaintiff,**

v.

**William E. BROCK, Secretary of Labor and John Pendergrass, the Assistant Secretary for Occupational Safety & Health, and the United States of America, Defendants.**

**Civ. A. No. 87–1356–C.**

United States District Court, D. Massachusetts.

Jan. 11, 1988.

Marc S. Alpert, Boston, Mass., for plaintiff.

Eileen M. Hagerty, Asst. U.S. Atty., Boston, Mass., Sally Rider, Trial Atty., Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

This is a claim for damages brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The case is now before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

In 1984, the plaintiff fell from the top of an oil tanker while working for Research Foods Corporation, Plaintiff claims he is totally disabled from back injuries resulting from the fall. The plaintiff brought this suit against the defendants, claiming that his fall was caused by the failure of the Occupational Safety and Health Administration (OSHA) to properly inspect, report and enforce appropriate safety laws and regulations.

■■■ The defendants first argue that the claims against the individual defendants should be dismissed for lack of jurisdiction under the Federal Tort Claims Act (FTCA). The plaintiff has sued only under the FTCA. The FTCA, however, does not grant federal courts jurisdiction over actions against individual defendants, such as federal employees. *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir.1985). Moreover, an action for money damages against government officials in their official capacity is really a suit against the United States. *Sanchez–Mariani v. Ellingwood*, 691 F.2d 592, 596 (1st Cir.1982). Accordingly, the plaintiff's claims aganst William E. Brock and John Pendergrass should be dismissed for lack of jurisdiction.

The defendant next argues that the plaintiff's claim is barred under the FTCA because it is based on the performance of discretionary functions. The defendant contends that inspection of the workplace for violation of safety regulations is a discretionary function. The plaintiff, of course, argues that the discretionary function exception does not apply to this case.

The right of an individual to sue the United States is set out in the FTCA, which generally gives the federal courts jurisdiction over claims against the United States for torts committed by its employees. 28 U.S.C. § 1346(b). The principle exception to this is that an individual may not bring a suit against the United States if the claim is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

While this exception has been interpreted a number of different ways over the years, the United States Supreme Court has attempted to clarify the scope of the exception in *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). In that case, a fire broke out on a Boeing 707, producing a toxic gas that killed 124 people on board. The airline sued the United States, alleging that the Civil Aeronautics Agency (CAA) was negligent in inspecting the aircraft and in certifying that the design met minimum safety regulations. *Id.* at 801, 104 S.Ct. at 2758. The United States argued that the discretionary function exception barred the claim.

The Court examined the legislative history of § 2680(a), and came to several conclusions. First, the Court noted that it is the nature of the conduct, rather than the status of the actor, that determines whether the discretionary function exception applies. *Id.* at 813, 104 S.Ct. at 2764. Second, the Court concluded that "whatever else the discretionary function exception may include, it plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." *Id.* at 813–14, 104 S.Ct. at 2764.

The Court held that, based on these considerations, the discretionary function exception precluded a claim for negligent certification of the aircraft. In so doing, the Court focused on the degree of discretion vested in the Secretary of Transport—and thus in the Secretary's delegates—by the applicable statute. *Id.* at 816, 104 S.Ct. at 2766. Under the Federal Aviation Act (FAA), the duty to ensure that an aircraft

conformed to FAA safety regulations rested on the manufacturer and operator. *Id.* The FAA was responsible only for policing this compliance. Both the agency's decision to implement the specific system of compliance review, and the application of that review system to the particular aircraft involved were within the scope of the exception. *Id.* at 819, 104 S.Ct. at 2767.

 This Court agrees with the United States that a claim alleging negligent inspection by OSHA falls squarely within the discretionary function exception. Like the FAA, the Occupational Safety and Health Act (the OSH Act) specifically imposes on the employer the duty to comply with the relevant safety regulations, and to furnish a safe workplace. 29 U.S.C. § 654(a). The Secretary of Labor is responsible for promulgating safety regulations, and for inspecting workplaces to determine whether employers are complying with the Act. 29 U.S.C. §§ 655, 657. Clearly, the OSHA is acting here as a regulator of the conduct of private individuals. Moreover, as in *Varig,* the agency is granted broad discretion in carrying out its duties. Under the Act, the Secretary is authorized to enter "at reasonable times" any workplace and inspect and investigate the workplace "in a reasonable manner." 29 U.S.C. § 657(a). The terms of the statute clearly give the Secretary discretion in determining when and how to inspect a workplace.

This conclusion was also reached by the Court of Appeals for the Ninth Circuit in *Cunningham v. United States,* 786 F.2d 1445 (1986). In that case, the plaintiff's decedent was killed by an accident allegedly resulting from violations of the OSH Act. The plaintiff sued the United States for failure to exercise reasonable care in performing safety inspections of the plant where the decedent was employed. The Court held that the suit was barred by the discretionary function clause. *Id.* at 1447. In so holding, the Court noted that both the decision to review the employer's compliance, and the actual inspection were discretionary functions. *Accord; Daniels v. Black Mountain Spruce, et. al.,* 676 F.Supp. 220 (D.Colo.1987).

Based on these considerations, this Court holds that OSHA's decision to inspect, and the actual inspections by OSHA, were discretionary functions. As such, this Court is denied jurisdiction over the plaintiff's claim by 28 U.S.C. § 2680(a). Accordingly, the plaintiff's claim should be dismissed.

Order accordingly.