**Jacinto CORDEIRO, Plaintiff,**

v.

**William E. BROCK, Secretary of Labor, et al., Defendants.**

**Civ. A. No. 87–1357–WD.**

United States District Court, D. Massachusetts.

Feb. 10, 1988.

**374**

Marc S. Alpert, Boston, Mass., for plaintiff.

Sally M. Rider, Atty., U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

WOODLOCK, District Judge.

Plaintiff Jacinto Cordeiro brings this suit against the United States and certain named defendants [1] in their official capacities under the Federal Tort Claims Act ("FTCA" or "the Act"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.* Mr. Cordeiro was an employee of New England Casket for several years, during which time he sanded, sprayed, and varnished caskets. The plaintiff asserts that as a result of the Occupational Safety and Health Administration's failure to inspect his work place properly and its failure to enforce OSHA standards, he now suffers from a disabling lung condition.

The defendants move to dismiss on two grounds: first, that the individual defendants are not proper parties under the FTCA and second, that the United States is not liable under the Act for failing to perform a function or duty that is discretionary. Finding merit in these grounds, I will order that this case be dismissed.

### A.

The United States "can be sued only to the extent that it has waived its immunity...." *United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed. 2d 390 (1976). A plaintiff seeking to bring suit against the government cannot withstand a motion to dismiss merely by articulating a theory of liability without first demonstrating a waiver of sovereign immunity.

Plaintiff Cordeiro argues that the waiver in the instant action is under the FTCA. I must first determine whether the Secretary and the Assistant Secretary can be named parties in actions under the Act. The plaintiff in his opposition to the motion to dismiss cites no case or statute indicating that a claim is proper against the named defendants.

The Act itself would seem to preclude an action against governmental personnel. The statute speaks only of "claims against the United States, for money damages" § 1346(b) and that "the United States shall be liable." § 2674. Nowhere does the Act authorize suits against individuals in their

---

**1.** William Brock as he is the Secretary of Labor and John Pendergrass as he is the Assistant Secretary of Labor for Occupational Safety and Health.

official capacities. Federal law generally forecloses suits against governmental personnel when the requested relief is money damages.

Plaintiff cites no authority for an award of damages against the defendants in their official capacities. Such an action would be one against the United States. *Sanchez–Mariani v. Ellingwood*, 691 F.2d 592, 596 (1st Cir.1982). *See also Silva v. Brock*, 677 F.Supp. 55 (D.Mass.1988) (no cognizable claim against individual in official capacity for OSHA's failure to enforce standards). There being no showing by the plaintiff of a cognizable claim against the individual defendants, they will be dismissed from this action.

#### B.

The second issue I must address is whether the plaintiff has properly stated a claim against the United States under the FTCA. The United States argues that claims based upon failures to perform inspectional responsibilities are specifically prohibited under 28 U.S.C. § 2680. The statute reads, in relevant part,

this title shall not apply to [any claim] based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The question, thus, is whether OSHA investigations, citations, and enforcement procedures are "discretionary functions" within the meaning of the statute. Neither the First Circuit nor the Supreme Court has yet ruled directly on this question. Nevertheless, the First Circuit recently handed down a decision that would seem to preclude the plaintiff's claims. In *K.W. Thompson Tool Co., Inc. v. United States*, 836 F.2d 721 (1st Cir.1988), the court affirmed Chief Judge Devine's ruling that, in part, the "discretionary function" exemption of the FTCA shielded the United States from liability against the plaintiff's claim that it had been prosecuted wrongfully by the Environmental Protection Agency.

The *Thompson Tool* court analyzed the three principal Supreme Court cases interpreting the discretionary function exemption: *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) (hereafter *"Varig"*); *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); and *Indian Towing, Inc. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955). The court cited approvingly language from *Varig:*

The discretionary function exception 'plainly was intended to encompass the discretionary acts of the Government acting in its role of regulator of the conduct of private individuals.'

*Thompson Tools* at 726. This *Varig/Thompson Tools* language appears apposite to OSHA's federal mandate. Indeed the First Circuit cites favorably, *id.* at 728, a Ninth Circuit case that specifically held that the United States was not liable for OSHA's failures to inspect.

Both OSHA's decision to review the employer's compliance with safety standards and its actual inspections of the Stauffer Plant are discretionary functions. Congress has left to OSHA's discretion the establishment of safety standards and the enforcement of those standards.

. . . . .

The acts of OSHA inspectors in executing agency directives are protected by the discretionary function exception.

*Cunningham v. United States*, 786 F.2d 1445, 1447 (9th Cir.1986).

In this District, Judge Caffrey has similarly ruled against a claimant bringing suit against the United States for OSHA's failure properly to inspect a work place. *Silva v. Brock*, 677 F.Supp. 55 (D.Mass.1988).

In an attempt to overcome the apparent applicability of the discretionary function exemption to the case at hand, the plaintiff argues that the Congressional declaration of policy shows that the OSHA statute is not discretionary and that it is designed to "assure so far as possible every working man and woman in the Nation safe and

healthful working conditions...." 29 U.S.C. § 651(b). The plaintiff would turn this declaration of policy into a warranty—the breach of which would leave the government liable for damages.

Inasmuch as the plaintiff attempts to make out his claim that OSHA does not have discretion in the same manner as does the FAA (*Varig*) or the Coast Guard (*Indian Towing*), he must conform to the principle of statutory construction requiring that statutes be read as a whole. *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 358, 93 L.Ed.2d 216 (1986) (citing cases as early as 1849). Section 653(b)(4) of the Act would seem explicitly to reject the interpretation of OSHA offered by the plaintiff.

> Nothing in this Act shall be construed to supersede or in any manner ... enlarge ... in any other manner the common law or statutory rights [of] employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

The language of the section apparently precludes reading the OSHA statute as providing the plaintiff here with a right that he would not possess if the statute had not been adopted. The First Circuit has held that this section of OSHA should not be construed as creating a private right of action. *Pratico v. Portland Terminal Co.*, 783 F.2d 255, 266 (1st Cir.1985).[2]

The plaintiff's theory is essentially a bootstrap argument. He postulates that the Federal Tort Claims Act provides a mechanism to effectuate the policy goals of OSHA. But in making this claim he omits mention of the fact that OSHA itself precludes founding implied claims on OSHA. The plaintiff's claim against the United States may not stand.

For the reasons set forth in this memorandum, the defendant's motion to dismiss is hereby ALLOWED both as to the named defendants and as to the United States.

---

**2.** *Pratico* did not address the question of liability of the United States for OSHA omissions. The principal question confronting the *Pratico* court was whether a private party's failure to conform to OSHA regulations could be used as evidence of "negligence per se." The larger question considered by the court was whether workmen's compensation laws created an exclusive remedy for injured workers. Although in one sense the First Circuit's reading of § 653(b)(4) is narrower than that provided here, the *Pratico* court's language would suggest nevertheless that direct OSHA liability *a fortiori* would be prohibited.