Shelby MARKES, Jr., Plaintiff,

v.

UNITED STATES of America, Defendant.

UNITED STATES of America, Third–Party Plaintiff,

v.

MARKES ROOFING, INC., Third–Party Defendant.

No. 86–CV–246.

United States District Court, N.D. New York.

March 28, 1988.

Michaels and Michaels, Martin Michaels, of counsel, Syracuse, N.Y., for plaintiff.

Frederick Scullin, Jr., U.S. Atty., William Larkin, Asst. U.S. Atty., of counsel, Binghamton, N.Y., for defendant.

## ORDER

McAVOY, District Judge.

Plaintiff Shelby Markes has brought this action against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. section 1346(b) and 2671 *et seq.*, for personal injuries he sustained when he fell from the roof of Building 19 at Griffiss Air Force Base. At the time of the accident, plaintiff was employed by Markes Roofing, Inc. (Markes Roofing) which had contracted with the United States to replace the roof of Building 19. On October 31, 1984, the third day of actual construction, plaintiff lost his footing and fell while rolling roofing paper along the roof's edge. It is undisputed that no perimeter ropes, barriers or other safety devices were in place at the time of the accident. Plaintiff alleges that the United States was negligent by failing to ensure that Markes Roofing complied with the safety standards set forth in the contract. The United States has moved to dismiss the complaint on the ground that neither the failure of Markes Roofing to follow safety regulations nor the government's failure to enforce safety regulations can serve as a basis of liability under the FTCA.

■ The United States has waived its sovereign immunity "for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment." *See* 28 U.S.C. Section 1346(b). The FTCA excludes contractors from its definition of government employees, and absent some negligence on its part, the United States is not liable for the torts of an independent contractor. *See United States v. Orleans*, 425 U.S. 807, 813–14, 96 S.Ct. 1971, 1975–76, 48 L.Ed.2d 390 (1976); *Logue v. United States*, 412 U.S. 521, 526–27, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973); *Dalehite v. United States*, 346 U.S. 15, 30–31, 73 S.Ct.

956, 965, 97 L.Ed. 1427 (1953). In distinguishing between a federal employee and an independent contractor, the important factor is not whether the contractor must comply with federal standards and regulations, but whether the federal government has the power to control the detailed physical performance of the contractor. *See United States v. Orleans*, 425 U.S. at 814–15, 96 S.Ct. at 1976.

■ Whether this motion is viewed as one for summary judgment or as one to dismiss for lack of subject matter jurisdiction, the court finds that the record will not support an inference that the government controlled Markes Roofing to the extent necessary to impose liability on the United States for the contractor's negligence. The government did not control Markes Roofing's day-to-day operations. The mere fact that the government retained the right to require compliance with federal standards and contract specifications, to inspect the work performed and to stop work for safety violations did not cloak it with the authority to direct the detailed performance of the roof repair. *See Maltais v. United States*, 546 F.Supp. 96, 100–101 (N.D.N.Y. 1982), *aff'd*, 729 F.2d 1442 (2d Cir.1983); *Lipka v. United States*, 369 F.2d 288 (2d Cir.1966).

Consequently, the court hereby GRANTS the government's motion and DISMISSES the complaint insofar as the plaintiff seeks to hold the United States liable for the acts of its independent contractor Markes Roofing.

■ The plaintiff also seeks to hold the United States liable for the acts of government employees in failing to enforce compliance with safety standards incorporated into the construction contract. In so doing, plaintiff relies upon contractal provisions which required the government contracting officer to notify Markes Roofing of its failure to comply with safety measures.[1] The

---

1. FAR 52.236–13(d) which was incorporated into the contract as the "Accident Prevention" Clause, provides: "The contracting officer shall notify the contractor of any noncompliance with these requirements", including failure to provide safty barricades and signs, failure to comply with the Army Corps Manual and failure to comply with OSHA regulations.

FAR 52.246–12(b) which was incorporated into the contract as an "Inspection" Clause, provides that all work "shall be conducted under

government, however, cannot be held liable for the discretionary acts of its employees under the FTCA.

■ "The basic inquiry concerning the application of the discretionary function exception is whether the challenged acts of a Government employee-whatever his or her rank-are of the nature and quality that Congress intended to shield from tort liability." *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984). By enacting the exception, Congress intended to "to prevent judicial 'second-guessing' of legislative and administrative decisions founded in social, economic, and political policy through the medium of an action in tort." *Id.* at 814, 104 S.Ct. at 2764–65. Keeping these considerations in mind, the court now turns to the dispute at hand.

Under this standard, it is clear that the government's delegation of primary responsibility for safety to Markes Roofing involved the performance of a discretionary function for which the United States cannot incur liability.[2] Accordingly, the court hereby GRANTS the government's motion

and DISMISSES the complaint insofar as the plaintiff seeks to hold the United States liable for its discretionary decision to delgate primary safety responsibility to its independent contractor.

The court must next address the alleged failure of government personnel to carry out specific nondiscretionary duties. Plaintiff contends that the contracting officer had no discretion to disregard his duty to oversee the contractor's work and to notify Markes Roofing of safety violations and that his subordinates, the contract administrator and construction inspector, had no choice in determining whether to report violations. According to plaintiff, these decisions did not implicate social, economic or political considerations and these employees had no discretion to ignore *mandatory* duties to enforce *mandatory* safety regulations which were incorporated into the contract.

■ The discretionary function exception does not apply where mandatory agency guidelines or regulations are violated by federal employees.[3] Discretionary enforcement decisions, on the other hand, are protected.[4] If an agency entrusts a subor-

---

the general direction of the contracting officer ..."

**2.** See *Blaber v. United States*, 332 F.2d 629, 631 (2d Cir.1964) (delegation of safety responsibility to independent contractor is discretionary function); *Maltais v. United States*, 546 F.Supp. 96, 101 (N.D.N.Y.1982), aff'd, 729 F.2d 1442 (2d Cir.1983) (delegation of safety responsibility to contractor is discretionary function depsite government's retention of right to inspect and stop work).

**3.** See *Baker v. United States*, 817 F.2d 560 (9th Cir.1987) (government employees' failure to follow mandatory regulation regarding licensing of manufacturer for production of polio vaccine was not discretionary); *Collins v. United States*, 783 F.2d 1225 (5th Cir.1986) (mine inspectors' disobedience of "flat command" in regulations requiring them to close a mine in light of measurements they had made was not discretionary); *McMichael v. United States*, 751 F.2d 303 (8th Cir.1985) (Army inspectors' failure to follow a fifty-one step procedure review checklist for safety compliance at a private munitions plant was not discretionary). *Cf. Bacon v. United States*, 810 F.2d 827 (8th Cir.1987) (in the absence of a previously adopted safety policy requiring warnings to persons exposed to areas potentially contaminated by dioxin, EPA's fail-

ure to warn was discretionary); *Feyers v. United States*, 749 F.2d 1222 (6th Cir.1984) (where manual did not describe safety procedures and was not incorporated into contract, government's failure to require compliance with safety manual was discretionary), cert. denied, 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985); *Carib Gas Corp. v. Delaware Valley Indus. Gases*, 660 F.Supp. 419 (D.Virgin Islands) (government's exercise of discretionary power to investigate violations of federal regulations distinguished from situation where government retains responsibility for safety and government employees directly enforce mandatory guidelines), aff'd, 838 F.2d 459 (3d Cir.1987).

**4.** See *Totten v. United States*, 806 F.2d 698 (6th Cir.1986) (exception applied where government retained discretion in implementing Department of Defense standard and in determining the extent to which it would review independent contractor's compliance with safety standards); *Merklin v. United States*, 788 F.2d 172 (3d Cir. 1986) (AEC's unlimited discretion in conducting inspections cloaked with immunity); *Cunningham v. United States*, 786 F.2d 1445 (9th Cir. 1986) (OSHA inspector's discretionary acts in executing agency directives shielded by exception); *Hylin v. United States*, 755 F.2d 551 (7th

dinate with discretion in the manner in which the employee is to enforce regulations, even mandatory regulations, and the decision involves the balancing of social, economic or political policy, claims arising from the exercise of that discretion are barred. *See Collins v. United States,* 783 F.2d 1225, 1229–30 (5th Cir.1986). Thus, the central inquiry in this case is whether the government employees exercised a degree of judgment in making their decisions and whether this judgment involved a balancing of policy considerations. *See Aslakson v. United States,* 790 F.2d 688 (8th Cir.1986) (government liable for failing to comply with its own safety policy concerning electrical transmission lines).

Although the government employees in the case at bar did retain a measure of discretion in their duties,[5] plaintiff contends that they disregarded a nondiscretionary duty to inform the contractor of its violations. The contract required that "the contracting officer shall notify the contractor of any noncompliance with [the safety standards set forth in the contract] and of the corrective action required" and further directed that "all work shall be conducted under the supervision of the contracting officer and is subject to the Government's inspection and test at all places and at all reasonable times before acceptance to ensure strict compliance with the terms of the contract." Plaintiff contends that the contracting officer had a mandatory duty to oversee the work of Markes Roofing and that neither the contract administrator nor the construction inspector was empowered

to flatly disregard safety violations. In addition, plaintiff argues that the government was not acting in a regulatory capacity in this case but instead was pursuing a proprietary objective—fixing a roof. Thus, plaintiff concludes that the acts of the government employees do not fall within the discretionary function exception. *See McMichael v. United States,* 751 F.2d 303 (8th Cir.1985); *Pelham v. United States,* 661 F.Supp. 1063 (D.N.J.1987) (upon construing contractual provisions identical to those in the case at bar, the district court found that the failure of government employees to notify the government contracting officer of contractor's violation of safety standards and the contracting officer's failure to enforce compliance under the contract were not protected by the discretionary function exemption).

The government, on the other hand, contends that the acts of its employees involved the exercise of discretion. The court cannot, however, on the papers before it, determine the "nature and quality" of the conduct of the contracting officer, contract administrator and construction inspector. Neither party has clearly delineated the scope of the authority delegated to these individuals. These questions prevent the court from properly evaluating the applicability of the discretionary function exception in the case at bar. Accordingly, the court hereby DENIES the government's motion to dismiss the complaint insofar as plaintiff seeks to hold the United States liable for the non-discretionary acts of its employees-WITH LEAVE TO RE-

---

Cir.1985) (exception applied where mine inspectors had discretion in choosing how to deal with operators who violated mandatory safety regulations); *Russell v. United States,* 763 F.2d 786 (10th Cir.1985) (same).

**5.** For example, although the Accident Prevention Clause, FAR 52.236–13, delegated responsibility for safety to Markes Roofing, the contracting officer retained the discretion to determine what steps were necessary to correct violations. Clearly, any decision concerning what types of safety devices were reasonably necessary would be protected by the exception. Upon the contractor's failure to comply with his directive, the contracting officer had discretion to issue a stop work order. In addition, the construction in-

spector had the authority to accept or reject work and to temporarily stop work if it failed to meet the contract's specifications. These aspects of policing safety were left to the government employees' discretion. In general, if the inspection and enforcement activities of an agency require its employees to exercise discretion in the performance of their duties, the discretionary function exception bars tort claims against the government based upon those performances. *See, e.g., Cunningham v. United States,* 786 F.2d 1445 (9th Cir.1986); *Hylin v. United States,* 755 F.2d 551 (7th Cir.1985) (followed in *Russell v. United States,* 763 F.2d 786 (10th Cir.1986)).

NEW[6].

IT IS SO ORDERED.

---

**6.** The court recognizes that the plaintiff has the ultimate burden of establishing that the discretionary function exception does not bar the instant action. *See* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Juris-* *diction 2d* Section 3522 (2d ed. 1984). The discretionary function exception is jurisdictional and this court may not entertain claims which are barred by it.