332 F.2d 629
 Jane A. BLABER, as Administratrix of the goods, chattels and
credits of Oliver Blaber, deceased, Alexander
Hasapis, Santo Azzarello and John P.
Szelwach, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 416, Docket 28450.
 United States Court of Appeals Second Circuit.
 Argued April 9, 1964.
Decided May 28, 1964.
 
 Harry Meisnere, New York City, for appellant Jane A. Blaber, as administratrix, etc.
 John B. Forrest, New York City, for appellants Alexander Hasapis and Santo Azzarello.
 Jarema & Skolnick, New York City, for appellant John P. Szelwach.
 Joseph P. Hoey, U.S. Atty., Eastern District of New York, for appellee, Jerome C. Ditore, Asst. U.S. Atty., of counsel.
 Before SWAN, MOORE and SMITH, Circuit Judges.
 SWAN, Circuit Judge.
 
 
 1
 These are consolidated appeals by four plaintiffs whose complaints were dismissed on the merits in consolidated cases tried by Judge Bruchhausen without a jury.
 
 
 2
 The actions were brought under the Federal Tort Claims Act, 28 U.S.C. 2674, to recover damages for the death of one employee (Oliver Blaber) and for personal injuries sustained by three other employees (Hasapis, Azzarello and Szelwach) of Sylvania Corning Nuclear Corporation, Inc., in an explosion which occurred at Sylvania's laboratory in Bayside, Queens, on July 2, 1956. Only the issue of liability was tried by Judge Bruchhausen.
 
 
 3
 On the appeal plaintiffs make three contentions: (1) that the AEC had a mandatory duty to assume control of the safety operations of independent firms doing work under contract for the United States; (2) that even if no such mandatory duty is imposed by statute or by the contract here involved, nevertheless the AEC did undertake to control Sylvania's safety procedures; and (3) that in controlling Sylvania's safety programs the AEC was negligent in permitting dangerous work to be done in a burning hood and in a building that was not constructed to minimize the danger from explosions. For reasons discussed below we affirm.
 
 
 4
 Sylvania had contracted with the United States through its Atomic Energy Commission (AEC) to do research and development work. The work relevant to the present appeals had to do with the production of thorium metal by the calcium reduction of thorium oxide. The facts stated above are not disputed; nor is it disputed that Sylvania was an independent contractor and owned the building in which its work was done.
 
 
 5
 When the explosion occurred Hasapis was burning a lump of thorium. Judge Bruchhausen found (Finding 61, App. 67, 106): 'The size and condition of the thorium mass and the circumstances surrounding its firing brought about the explosion and were the proximate causes thereof.' This finding is not 'clearly erroneous' and must stand.
 
 
 6
 There is nothing in the record to indicate that Hasapis had been instructed to burn thorium in smaller amounts than the lump he was using or been given other instructions as to burning thorium. Failure to give him instructions, if negligence, was negligence of the independent contractor. There is no contention that AEC was negligent in the selection of Sylvania to do research and development work. See Galbraith v. United States, 2 Cir., 296 F.2d 631.
 
 
 7
 AEC has the power to 'make arrangements,' including contracts, for promoting the peaceful uses of atomic energy. 42 U.S.C. 2051. These arrangements 'shall contain such provisions (1) to protect health, (2) to minimize danger to life or property, and (3) to require the reporting and to permit the inspection of work performed thereunder, as the Commission may determine.' 42 U.S.C. 2051(d). The contract here involved required periodic reports from Sylvania on various aspects of the work and gave the Commission the right to make inspections. The contract further provided that Sylvania was to 'take all reasonable precautions in the performance of the work under this contract to protect the health and safety of employees.'
 
 
 8
 Plaintiff's first contend that the Commission's power to adopt measures for the protection of the public is a mandatory duty. But the language of 42 U.S.C. 2051 and its legislative history do not support the interpretation which the appellants claim for it. Fairly interpreted there is nothing in the statutory language to suggest that the Commission must supervise and protect against manufacturing or experimental hazards of independent contractors with whom it deals. In fact, as stated above, the contract itself reveals that Sylvania had primary responsibility for the safety of its employees.
 
 
 9
 In Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427, the Supreme Court considered the scope of 28 U.S.C. 2680(a), which precludes liability for negligence in the performance of a 'discretionary function.' The Court characterized this section as follows: 'Where there is room for policy judgment and decision there is discretion.' 346 U.S. at 36, 73 S.Ct. at 968. The AEC may have considerable power to control the activities of private companies through contracts, but when the Commission decides the extent to which it will undertake to supervise the safety procedures of private contractors, it is exercising discretion at one of the highest planning levels. Decisions of this kind are therefore within the 'discretionary function' exception of 28 U.S.C. 2680(a).
 
 
 10
 Plaintiffs suggest that the Dalehite case has been weakened by subsequent developments, particularly Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48, and Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354. These cases did enlarge the scope of the United States' liability as it might have been thought to exist after Dalehite, but they did not affect the scope of the discretionary function immunity. Indian Towing concededly involved negligence at only an operational level, 350 U.S. at p. 64, 76 S.Ct. 122, and Rayonier overruled Dalehite to the extent of allowing recovery where negligence in fire-fighting could be shown. The kind of negligence, not the kind of activity pursued, became the test for determining the liability of the United States.
 
 
 11
 Plaintiffs' second argument is that AEC, though perhaps not compelled to oversee safety procedures, nevertheless did voluntarily undertake to do so, and that the defendant is therefore liable for AEC's negligence in carrying out its undertaking. The United States acknowledges the principle that a volunteer is liable for negligence in rendering help, see Indian Towing Co. v. United States, 350 U.S. 61, 64-65, 76 S.Ct. 122, 100 L.Ed. 48; cf. Somerset Seafood Co. v. United States, 4 Cir., 193 F.2d 631, 635, but denies its applicability. We agree. The question of the extent of the Commission's undertaking is clearly one of fact. Considerable evidence was introduced on this point. The AEC received periodic reports on safety, conducted air-sample tests and urine analyses to control radiation exposure, and made periodic inspections to see that fire and safety regulations were complied with. Inspections were also made by the New York City Fire Department, the New York State Department of Health, and Sylvania's insurance carrier. The fact of inspections alone does not establish the extent of the inspector's obligation. It was up to the District Judge to determine the extent of AEC's undertaking from all the evidence, and he concluded that 'Sylvania and not the Commission was charged with and supervised' the burning operation. Upon this finding, amply supported by the evidence, plaintiffs' contention must fall.
 
 
 12
 Since we agree with Judge Bruchhausen that the Commission did not have the responsibility for the safety procedures in question, we do not reach the question of whether the procedures were adequate.
 
 
 13
 The judgments are affirmed.