Ernest F. BORUSKI, Jr., Trustee for American Leaseback Trust and U. S. Insured Deposits Trust, Plaintiff,

v.

DIVISION OF CORPORATION FINANCE OF the U. S. SECURITIES AND EXCHANGE COMMISSION, Defendant.

No. 70 Civ. 4335.

United States District Court, S. D. New York.

Jan. 8, 1971.

---

10. Affidavit of Sheldon H. Elsen, Esq., verified December 7, 1970, ¶ 7.

Ernest F. Boruski, Jr., pro se.

Philip A. Loomis, Jr., Gen. Counsel, Walter P. North, Associate Gen. Counsel, Jacob H. Stillman, Asst. Gen. Counsel, Frederic T. Spindel, Attorney Securities and Exchange Comm., Washington, D. C., Kevin T. Duffy, Regional Administrator Securities and Exchange Comm., New York Regional Office, New York City, for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, described as "Trustee for American Leaseback Trust and U. S. Insured Deposits Trust," originally moved for a preliminary injunction to compel the Securities and Exchange Commission (hereafter "the Commission") to approve "officially and finally" S-1 registration statements filed with the Commission on behalf of the "Trusts." The Commission not only opposed the motion, but cross-moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Prior to the return of the motions, plaintiff served a "Memorandum to Amend" his complaint, withdrawing his original application to compel approval of the registration statements. Instead, the preliminary injunctive relief he now seeks is an order directing the Commission: (1) to withdraw the opinion of its staff that the registrations are deficient and

violate the law; (2) to answer plaintiff's questions concerning "any alleged, specific 'inadequacies and/or inaccuracies' and if defendant fails to do so within 45 days that as a matter of fact and law no inadequacies or inaccuracies exist in said registrations"; and (3) not to delay processing plaintiff's paperwork and other correspondence filed with the Commission.

Early in 1970, plaintiff submitted to the Commission a registration statement for each Trust, but because the checks in payment of the required fee had not been certified, and Boruski had not properly signed the statements, each was returned; and at the same time he was advised that a cursory review of the registration statement indicated it was so poorly prepared and presented such serious disclosure problems that even if properly filed, no further staff review would be made; also that no oral or written comments would be provided, for to do so would delay the review of other registration statements which did not contain substantial disclosure deficiencies. The Commission staff recommended to plaintiff that prior to the resubmission of the registration statements they be revised to set forth properly and adequately all required information to comply with statutory requirements.

Thereafter, on February 26, 1970, in the instance of U.S. Insured Deposits Trust, and on March 7, 1970, in the instance of American Leaseback Trust, plaintiff resubmitted the registration statements in substantially the same form as those previously returned, and this time had the checks certified and the statements properly signed. On March 13, 1970, the Commission wrote to plaintiff, calling his attention to its previous comments upon the returned registration statements and their disclosure inadequacies. He was then informed that unless withdrawn the resubmitted statements would become ef-

fective by operation of law on March 18 and March 27, respectively.[1] The Commission recommended that, to avoid the statements becoming effective in deficient form, they be withdrawn, and in the same communication plaintiff was advised that any offers or sales of securities in the Trusts "may constitute serious violations of the securities laws." Plaintiff was asked to inform the Commission of his intentions by March 18, and upon his failure to do so, he was notified on that day by telegram that the SEC had authorized an examination and private investigation into the adequacy and accuracy of the disclosures in the registration statements, pursuant to section 8(e)[2] and section 20(a) of the Securities Act of 1933,[3] and section 21(a) of the Securities Exchange Act of 1934.[4] The telegram concluded that "any offerings or sales of securities issued by these companies will, in the Division's opinion, constitute a violation of the federal securities laws." Thereafter, plaintiff, by letter dated March 30, replied and, rather blithely ignoring the substance of the Commission's earlier communications, stated:

" * * * We are indeed pleased to learn that the registration for U. S. Insured Deposits and American Leaseback became effective on 18 and 27 Mar 70 respectively. We accept this registration, and we are proceeding to act upon it.

"We are also pleased to note that you have not specified any deficiency in your prior letters of 30 Jan and 19 Feb 70, nor in your telegram of 20 Mar, nor in your current letter of 13 Mar 70. * * *

"We have examined Section 8(E) and 20(a) of the '33 Act and Section 21(a) of the '34 Act, and we fail to find any violations on our part, any deficiencies, or any inaccuracies. Any claims by you to the contrary are wilful, wrongful and malicious lies,

1. § 8(a) of the Securities Act of 1933, 15 U.S.C. § 77h(a).

2. 15 U.S.C. § 77h(e).

3. 15 U.S.C. § 77t(a).

4. 15 U.S.C. § 78u(a).

(termed 'perjury' in polite legalese). * * * "

The Commission, in furtherance of the investigatory proceeding referred to above, then subpoenaed plaintiff as a witness and also served a subpoena duces tecum for the production of specified books, records, documents and other material of the Trusts. Plaintiff appeared on April 15, and after being advised that he was permitted to be represented by an attorney and also of his constitutional right against self-incrimination, testified without benefit of counsel. He did not produce any books, records, papers or documents, testifying that none were in existence.[5]

■ This court has examined the registration statements in question, as well as the transcript and plaintiff's corrections of his testimony. Suffice it to say that the Commission staff was fully justified in its position with respect to the inadequacies of the registration statements. A mere reading of them indicates they include a number of matters that in fact are incomprehensible, and their incomprehensibility is underscored by plaintiff's purported explanation when he testified at the hearing. Some of the matters contained in the statement are so unilluminating as to foreclose meaningful comment thereon. Moreover, each registration statement sets forth that plaintiff had "36 years investing experience and 19 years in investment brokerage," but failed to disclose that orders had been entered by the Commission, revoking his broker-dealer registration, expelling him from the National Association of Securities Dealers and denying him registration as an investment adviser, which orders had been upheld upon review.[6] With the registration statements so palpably deficient, the Commission was not required to comment upon and specify their shortcomings. The responsibility for submitting an adequate statement that purports to comply with the disclosure and other requirements of the law is upon the issuer and it cannot be shifted to the Commission or its staff by requiring them, in the instance of a glaringly deficient filing, to pinpoint each alleged inadequacy, misstatement, or failure to disclose a material fact. In the light of the recognized heavy workload of the Commission, its regulation that comment letters are not generally furnished "when the deficiencies appear to stem from careless disregard of the statutes and rules or a deliberate attempt to conceal or mislead," [7] is entirely reasonable; to require it to do otherwise would unduly interfere with administrative efficiency and delay the processing of other filings that do not present comparable disclosure problems.[8]

■ The Commission is without authority to approve a registration statement for a security filed pursuant to the Securities Act.[9] It does have authority to issue stop orders suspending the effectiveness of a statement upon proper notice and a hearing.[10] However, in the instant case thus far such action has not been taken, and until such time as the

---

5. Official Transcript of Proceedings Before the Securities and Exchange Commission, pp. 108–09.

6. Boruski v. SEC, 340 F.2d 991 (2d Cir.), cert. denied, 381 U.S. 943, 85 S.Ct. 1780, 14 L.Ed.2d 706 (1965).

7. 17 C.F.R. § 202.3(a).

8. In November, 1968, due to the continuing increased workload of its Division of Corporation Finance, the Commission adopted procedures to expedite the processing of registration filings. It decided that if a cursory review of the registration statement indicated it was poorly prepared or otherwise presented serious problems, no further review would be made; also, that oral or written comments would not be issued, for to do so would delay the review of other registration statements that do not appear to contain comparable disclosure problems. A copy of the release detailing these procedures (Securities Act Release No. 4934) was sent to plaintiff on January 30, 1970, when the U. S. Insured Deposits registration was returned to him.

9. See 15 U.S.C. § 77w.

10. 15 U.S.C. § 77h(d).

Commission may issue a stop order, the registration statement remains in effect. The examination and investigatory proceeding at which plaintiff testified was conducted in order to enable the Commission to determine whether stop orders should be issued for lack of adequate disclosure;[11] however, the investigation did not suspend or delay the effectiveness of the registration statements. With the registration effective, plaintiff, who in his letter of March 30 challenged the Commission's view of the illegality of any offering or sales thereunder, is in a position to proceed accordingly, but of course he acts at his peril. Should the Commission invoke the stop order procedure based upon its opinion, as plaintiff was notified by telegram on March 18, that such offerings or sales "will * * * constitute a violation of the federal securities laws," and a stop order is issued after due notice and hearing, judicial review is available to plaintiff,[12] as would also be the case if the Commission instituted an action to enjoin alleged violations of the federal securities laws.

Upon the facts here presented, the Commission staff acted properly and in accordance with the Commission's usual and reasonable procedure applicable to the processing of registration statements. There is, with respect to the registration statements heretofore filed by plaintiff, not the slightest basis for any charge of improper conduct against the Commission or any of its staff. The application for injunctive relief is entirely without merit and accordingly is denied.

The defendants cross-move under Rule 12(b) (1) of the Federal Rules of Civil Procedure to dismiss the action on the ground that the court lacks jurisdiction over the subject matter, and under Rule 12(b) (2) for lack of jurisdiction over the person of the defendants, and also for failure to state a claim upon which relief can be granted under Rule 12(b) (6). Since affidavits were presented on this application, the court considers the latter branch of the motion as one for summary judgment under Rule 56.

Originally, plaintiff named as defendant the "Division of Corporation Finance of the U. S. Securities and Exchange Commission." Under the "Memorandum to Amend" plaintiff has added "The Commissioners as members of the U. S. Securities and Exchange Commission, Ralph H. Tracey,[13] Richard B. Nesson,[14] and the U. S. Government" as defendants.

The gist of plaintiff's amended complaint, disregarding its irrelevant and conclusory allegations, is that the Commission and its staff have refused to specify "any inadequacy or inaccuracy" or "to list a single deficiency" in the registration statements; that the defendants have "made false, unsupported accusations against plaintiff's registrations"; that the defendants' conduct and action, through the use of fear were calculated to pressure plaintiff to withdraw what he terms "two perfectly good registrations"; that the defendants by their actions exceeded their authority, and by reason of their conduct plaintiff has been prevented from conducting his business. However, for the reasons set forth in the denial of the motion for injunctive relief, it is beyond peradventure that the defendants acted within the scope of statutory authority and in the performance of official duty; that no basis exists for any claim entitling plaintiff to relief; further, no legal basis has been presented to warrant this court's interference with the administrative function of the Commission with respect to processing the registration statements filed by plaintiff.

██ Under the amended complaint, plaintiff has also named as a defendant

---

11. 15 U.S.C. § 77h(e).

12. 15 U.S.C. § 77i(a).

13. Assistant Director, Division of Corporation Finance of the Commission.

14. Trial Attorney, Division of Corporation Finance of the Commission.

the United States of America. He seeks to recover damages under the Federal Tort Claims Act to cover court costs, "fees lost in being prevented from engaging in business estimated as $10,000, and punitive triple damages estimated as $30,000." Plaintiff states "this action is a tort action," and in addition to charges referred to above, alleges that the Commission and its staff has lied about the plaintiff; that the Commission has "willfully, deliberately, maliciously, and with criminal intent withheld registration approvel [sic]; harrassed plaintiff with false, undefined, vague and assumed accusations; * * * " and absent approval of the registration he is unable to engage in business. However, claims of this type are barred under 28 U.S.C., section 2680, which in pertinent part provides:

> "The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> \* \* \* \* \* \*
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." [15]

In addition, 28 U.S.C., section 2680 (a), excludes tort actions for damages against the United States based upon—

> "(a) \* \* \* the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government whether or not the discretion involved be abused."

As already noted, the acts charged were performed within the authorized power of the Commission and its staff and involved "the exercise or performance or the failure to exercise or perform a discretionary function or duty," and hence this tort action for money damages based therein is barred under section 2680(a).[16]

Accordingly, the defendants' motion under Rule 12(b) (6) is treated as one for summary judgment and is granted, and the complaint is dismissed. This disposition makes it unnecessary to consider the defendants' motion to dismiss the complaint under Rule 12(b) (1) and Rule 12(b) (2).

---

15. *See, e. g.*, Kessler v. General Serv. Admin., 341 F.2d 275 (2d Cir. 1964); Small v. United States, 333 F.2d 702 (3d Cir. 1964); Dupree v. United States, 264 F.2d 140, 143, rehearing denied, 266 F.2d 373 (3d Cir.), cert. denied, 361 U.S. 823, 80 S.Ct. 69, 4 L.Ed.2d 67 (1959).

16. *See* Dalehite v. United States, 346 U.S. 15, 36, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); Blaber v. United States, 332 F.2d 629 (2d Cir. 1964). *Cf.* Fahey v. United States, 153 F.Supp. 878, 886 (S.D.N.Y.1957).