■ RICHARD KOPLOFF et al., Respondents, v. ST. VINCENT FERRER CHURCH et al., Appellants, et al., Defendant.— In an action to recover damages for personal injuries, etc., judgment of the Supreme Court, Kings County, dated November 10, 1971, in favor of plaintiffs after trial of the issue of liability only, affirmed, with costs. On February 17, 1967, plaintiff Richard Koploff, while employed as a carpenter by a subcontractor, fell through an unplanked stairwell of a building, in the course of construction, of which defendant Church was the owner and defendant Mattera was the general contractor. In our opinion, Trial Term correctly instructed the jury that contributory negligence is not a defense to plaintiffs' claim under section 241-a of the Labor Law (*Joyce* v. *Rumsey Realty Corp.*, 17 N Y 2d 118; *Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313). Under the circumstances of this case, even if the charge on the failure to call witnesses were deemed to be erroneous, it was not prejudicial to appellants. In this case only the issue of liability was submitted to the jury, and the plaintiffs received a verdict against defendants St. Vincent Ferrer Church and Anthony Mattera, Inc. After the jury's verdict was rendered the learned Trial Justice reserved decision on the motion by defendant Church to recover over on its cross claim against the defendant Mattera, saying: "I will take the motion made * * * under advisement and reserve decision until such time as the appeals have been either perfected and disposed of or the second part of the trial is terminated." We disapprove of the procedure adopted by the trial court in thus reserving decision on the

cross claim. It should have been decided so that the claim of all of the parties on the issue of liability could have been determined on one appeal. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.