■ KARL VAUSE, Respondent, v NEW YORK, NEW YORK CONGREGATION OF JEHOVAH'S WITNESSES, INC., FLATBUSH UNIT, Appellant, et al., Defendant. — In an action to recover damages for personal injuries, defendant New York Congregation of Jehovah's Witnesses, Inc., Flatbush Unit (Jehovah's Witnesses) appeals from so much of an interlocutory judgment of the Supreme Court, Kings County (Kartell, J.), dated April 18, 1983, as, after a jury trial limited to the issue of liability, held that plaintiff was 50% negligent, defendant Chierchio was 49% negligent, and defendant New York Congregation of Jehovah's Witnesses was 1% negligent. Interlocutory judgment modified, on the law, by deleting the provisions which provide that defendant Eugene Chierchio was 49% negligent and defendant Jehovah's Witnesses was 1% negligent and substituting therefor provisions which provide that defendant Chierchio was 50% negligent, and defendant Jehovah's Witnesses was 0% negligent. As so modified, interlocutory judgment affirmed, insofar as appealed from, without costs or disbursements. When the court sent the jury to deliberate on the issue of liability it submitted a special verdict sheet requiring the jury, *inter alia,* to apportion the percentage of negligence chargeable to the respective defendants. The court held as a matter of law that a finding of negligence against either defendant was binding on both. The jury found that defendant Chierchio was 50% negligent and defendant Jehovah's Witnesses was 0% negligent. Concluding that the verdict was inconsistent, the court directed the jury to reconsider their verdict. After further consideration the jury reapportioned the percentages finding defendant Chierchio 49% negligent and defendant Jehovah's Witnesses 1% negligent. We conclude that there was no reason to have the jury deliberate a second time. There was no inconsistency in the original verdict. As the owner of the property where plaintiff was

injured, defendant Jehovah's Witnesses has a nondelegable duty which requires it to vicariously respond in damages without regard to its own fault for the injuries proximately caused by the negligence of defendant Chierchio (Labor Law, § 241, subd 6; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290; *Monroe v City of New York,* 67 AD2d 89, 104). Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.