■ ERNEST E. SILVERS, Appellant, v E. W. HOWELL, INC., et al., Respondents, et al., Defendants.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Pantano, J.), dated June 5, 1985, which denied his motion for partial summary judgment against the respondents on the issue of liability.

Ordered that the order is affirmed, with costs.

This suit arises from injuries the plaintiff allegedly sustained when, while working as an electrician on a construction project, he fell through a hole in the second floor of the building under construction to the floor below. The floor on which he was working was covered with debris. Believing it to be debris, the plaintiff removed a 4- by 8-foot piece of plywood from the floor and, without warning of the opening, fell into it. It is not disputed that the opening was to be, but was not yet, used for a ventilation shaft.

The dispositive issue is whether that opening is a hatchway as that term is used in Labor Law § 241-a which provides, in pertinent part, "[a]ny men working in or at elevator shaftways, hatchways and stairwells of buildings in course of construction * * * shall be protected by sound planking".

If the opening was a hatchway, Labor Law § 241-a imposes absolute liability and partial summary judgment would have been appropriate *(see, Horan v Dormitory Auth.,* 43 AD2d 65). However, we agree with Special Term that the opening in this case was not a hatchway within the meaning of Labor Law § 241-a *(see, Bruno v Almar Residences Corp.,* 13 AD2d 232, *affd* 11 NY2d 988). Thompson, J. P., Brown, Niehoff and Rubin, JJ., concur.