**Henry BERGHOFF, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 89 Civ. 0990 (MBM).**

United States District Court, S.D. New York.

Nov. 1, 1989.

---

Kevin Olds Reilly, Mineola, N.Y., for plaintiff.

Jed Rubenfeld, Asst. U.S. Atty., S.D. N.Y., New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

In this action, plaintiff Henry Berghoff seeks to recover damages from the United States for injuries he sustained while working on a construction project at the Governor's Island Coast Guard Base. Plaintiff bases his suit on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, which allows individuals to sue the United States in federal court for injuries caused by negligent acts of government employees. Such suits may be maintained only when the United States, "if a private person, would be liable to the claimant in accordance with the law of the place where the action or omission occurred." 28 U.S.C. § 1346(b).

The government moves to dismiss the suit under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim, or in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56, on the ground that the doctrine of sovereign immunity bars plaintiff's claims. The government asserts that the FTCA waives governmental immunity only when plaintiff has been injured through the negligence of a United States employee, and thus does not apply when the allegedly negligent party is not a United States employee, nor when plaintiff asserts a strict liability claim against the United States. The government also argues that the discretionary function exception to the FTCA, which precludes all claims based on the exercise of discretion by a federal agency or employee, 28 U.S.C. § 2680(a), bars plaintiff's claim that the United States failed to supervise properly its contractor's safety practices.

The government's limited waiver of sovereign immunity does not apply to plaintiff's claims in this case; accordingly, I

grant the government's motion for summary judgment.

## I.

On November 26, 1985, plaintiff was working on a federally-owned construction site on Governor's Island when he fell from a ladder that ran from the basement of a building under construction to the second floor of that building. Plaintiff was descending from the second to the first floor when the ladder suddenly twisted, causing him to fall through the opening on the first floor and land in the concrete basement. He suffered severe injuries, including fractures of his arm, damage to his hip and post-traumatic arthritis. (Complaint at ¶ 10) At the time of the accident, he was employed as a plumber by the J. Kokolakis Company, a general contractor under agreement to build 32 housing units at the United States Coast Guard facility on Governor's Island. The written contract signed by Kokolakis and the United States in 1983 contained numerous standard provisions regarding safety, which placed on the contractor the burden of taking reasonable safety measures and complying with state safety laws.

Plaintiff received a total of $18,030 through the New York State Worker's Compensation system to help compensate for his medical expenses, lost wages and permanent disabilities. (Defendant's Affidavit, Exh. C) On October 19, 1987, plaintiff filed a timely administrative claim with the United States Department of Transportation, the parent department of the Coast Guard, requesting $1 million in damages arising out of the accident. He was denied relief in writing the following August. Thereafter, he filed this suit, claiming that the United States breached its duties under New York law to provide him with a safe place to work, and that the government's negligent and improper supervision caused his injuries.

## II.

In *Maltais v. United States*, 546 F.Supp. 96 (N.D.N.Y.1986), *aff'd mem.*, 729 F.2d 1442 (2d Cir.1983), Judge Miner was presented with a claim remarkably similar to the one at bar: plaintiff sought to recover damages under the Federal Tort Claims Act for her husband's injury and death from a fall that occurred while he was employed by a subcontractor working on a government-owned construction site. Judge Miner decided, and the Court of Appeals agreed, that plaintiff's claims, including claims under New York Labor Law §§ 240 and 241, did not fall under the FTCA's waiver of sovereign immunity, and thus were barred with regard to the United States government. The reasoning of that case is applicable to each point raised here.

The Federal Tort Claims Act, 28 U.S.C. § 1346(b), waives the government's sovereign immunity and provides district courts with exclusive jurisdiction over claims against the United States,

> [F]or injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

If a tort claim against the United States falls outside the FTCA's provisions, the claim is barred by the Government's sovereign immunity. A Government "employee," for the purposes of § 1346(b), is an employee of any federal agency, the military, or someone acting on behalf of a federal agency. A "federal agency" includes "the executive departments and independent establishment of the United States, and corporations primarily acting as, instrumentalities or agencies of the United States *but does not include any contractor with the United States.*" 28 U.S.C. § 2671 (emphasis added).

The Supreme Court consistently has interpreted this provision as barring suits against the United States for the negligence of independent contractors, as these contractors are not Government employees under the FTCA. *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Logue v. United*

*States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). The critical factor in distinguishing between a government agent and an independent contractor is "the power of the Federal government to control the detailed physical performance of the contractor." *Orleans,* 425 U.S. at 814, 96 S.Ct. at 1976.

Here, the contract delegates detailed supervision and control of the construction project to Kokolakis. Kokolakis agreed to furnish "all labor, material and equipment necessary," (Def. Affidavit, Exh. A at 1) and to "give his personal superintendence to the work or to have on the work a competent superintendent." (Def. Affidavit, Exh. A at 39). Furthermore, the contract provides for procedures which the contractor must follow when hiring subcontractors for the job, and specifically disclaims "any contractual relation between a subcontractor and the Government." (Exh. A at 48). The contract reserves the government's right to inspect the progress of the project, and to approve certain steps in the construction along the way.

Plaintiff concedes that the over-all construction contract provides for little governmental control over the contractor, but asserts that with regard to safety requirements, the contract does impose strict governmental control. He bases this argument on provisions in the contract: (1) authorizing the Contracting Officer[1] to notify the contractor of any noncompliance with safety provisions and to specify corrective actions that the contractor must take; and (2) allowing an authorized governmental representative to have access to the site to determine the adequacy of the Contractor's safety and health measures. The contract also directs the contractor to submit a safety plan and health plan for the Contracting Officer's approval, and to take any other safety and health measures that the Contracting Officer deems necessary.

These safety provisions, however, do not provide for such day-to-day supervision by the government as would convert Kokolak-

is from an independent contractor into a federal agent. The safety provisions in the contract mainly set forth minimum standards for safety, and reserve the government's right to inspect the site and find Kokolakis deficient. In *Orleans,* the Court explained that in a contract, "the Government may fix specific and precise conditions to implement federal objectives. Although such regulations are aimed at assuring compliance with goals, the regulations do not convert the acts of entrepreneurs ... into federal governmental acts." *Orleans,* 425 U.S. at 816, 96 S.Ct. at 1977. In *Lipka v. United States,* 369 F.2d 288 (2d Cir.1966), *cert. denied,* 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 997 (1967), *reh'g denied,* 388 U.S. 925, 87 S.Ct. 2129, 18 L.Ed.2d 1381 (1967), the Court of Appeals found that even when a contract between a construction company and the Army Corps of Engineers bound the contractor to follow the Corps' safety manual and additional safety measures, empowered the Contracting Officer to order compliance with these measures, and provided for an employee of the Corps to be at the site, the construction company nonetheless was an independent contractor under the FTCA. *Lipka,* 369 F.2d at 291.

Here, the boilerplate safety provisions in the contract do not negate the obvious fact that Kokolakis is an independent contractor bearing most of the onus for maintaining safety. The United States therefore cannot be held vicariously liable under the FTCA for any potentially negligent acts on the part of Kokolakis, because Kokolakis is not a Government employee.

### III.

Plaintiff also asserts that the United States breached duties that it owed directly to him under the labor laws of New York to "furnish or erect, or cause to be furnished or erected for the performance of the labor being conducted at this location sufficient scaffolding, hoists, stays, ladders and other devices, thereby con-

---

1. The Contracting Officer in this case is Richard T. Moore, an employee of the United States Coast Guard.

structed, placed or operated so as to give proper protection to the plaintiff in the performance of his labor, and further owed a duty to provide sufficient planking across the openings in the floor below which the plaintiff was working and otherwise owed a duty to the plaintiff to provide him with a reasonably safe place to work." (Complaint, ¶ 11) Plaintiff does not cite to any particular statute, but in fact, New York Labor Law §§ 240(1), 241(6) and 241–a impose non-delegable duties upon landowners to provide workers safe scaffolding, ladders, planking and a generally safe workplace. The United States, however, cannot be held liable under these laws, because to impose such non-delegable duties would be to impose liability without fault, which is not authorized by the FTCA.

■ Under the FTCA, the United States may be held liable for acts that would fix liability on a private citizen under state law, but the waiver of sovereign immunity under the FTCA is limited to liability for *negligent* or *wrongful* acts or omissions of employees. Therefore, even if state law imposes liability without fault on landowners for injuries to workers on their property, such a law could not apply to the United States under the FTCA, as there is no requirement of negligence before liability is imposed. The Supreme Court has held more than once that the FTCA's waiver of sovereign immunity does not extend to claims based on liability without fault. *Laird v. Nelms*, 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972); *Dalehite v. United States*, 346 U.S. 15, 44–45, 73 S.Ct. 956, 972–973, 97 L.Ed. 1427 (1953). "In-

deed, to hold the United States liable under §§ 240 and 241, despite federal statutory authority to delegate safety responsibility and authority to contractors, would encroach on the dictates of the Supremacy Clause." *Maltais*, 546 F.Supp. at 101.

Section 240(1) of New York's Labor Law,[2] which confers on property owners the non-delegable duty to provide safety devices such as safe scaffolding and ladders, imposes absolute liability upon these owners when workers sustain injuries proximately caused by failure of these safety devices. *Callovi v. Olympia & York Battery Park Co.*, 663 F.Supp. 855, 857 (S.D.N.Y.1987); *Bland v. Manocherian*, 66 N.Y.2d 452, 459, 497 N.Y.S.2d 880, 882, 488 N.E.2d 810, 812 (1985), *Zimmer v. Chemung County Performing Arts*, 65 N.Y.2d 513, 493 N.Y.S.2d 102, 482 N.E.2d 898 (1985); *Rea v. Albert Elia Building Co*, 79 A.D.2d 1102, 435 N.Y.S.2d 849 (4th Dep't 1981). Section 241–a,[3] which relates to planking over floor openings at construction sites, also imposes a non-delegable duty on property owners to assure the safety of such planking, even if the owners employ independent contractors. *Silvers v. E.W. Howell Inc.*, 129 A.D.2d 694, 514 N.Y.S.2d 455 (2nd Dep't 1987); *Horan v. Dormitory Authority*, 43 A.D.2d 65, 349 N.Y.S.2d 448 (3rd Dep't 1973); *Koploff v. St. Vincent Ferrer Church*, 39 A.D.2d 581, 331 N.Y.S.2d 719 (2nd Dep't 1972), *appeal dismissed*, 30 N.Y.2d 949, 335 N.Y.S.2d 700, 287 N.E.2d 390.

Finally, Section 241(6)[4] also provides for owners' absolute liability for safety fail-

---

**2.** Section 240(1) states, in pertinent part: "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

**3.** Section 241–a states: "Any men working in or at elevator shaftways, hatchways and stairwells of buildings in course of construction or demo-

lition shall be protected by sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men, or by other means specified in the rules of the board."

**4.** Section 241(6) states, in pertinent part: "All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The board may make rules to carry into effect the provisions of this subdivision, and the owners and contractors

ures at a work site, in that it imposes the duty to maintain a reasonably safe construction site that property owners cannot delegate to independent contractors regardless of the owners' actual control over the site. The section thus allows for the imposition of liability on a non-negligent defendant. *Allen v. Cloutier Construction*, 44 N.Y.2d 290, 405 N.Y.S.2d 630, 376 N.E.2d 1276 (1978); *DaBolt v. Bethlehem Steel Corp.*, 92 A.D.2d 70, 459 N.Y.S.2d 503 (4th Dep't 1983); *Vause v. New York Congregation of Jehovah's Witnesses, Inc.*, 97 A.D.2d 513, 468 N.Y.S.2d 26, 27 (2nd Dep't 1983).

Because New York law would allow for the imposition of liability without fault in this case, the fact that the property owner is the United States precludes plaintiff's claim under these state statutes. "[T]he statutory language 'negligent or wrongful act or omission of any employee of the Government,' is a uniform federal limitation on the types of acts committed by its employees for which the United States has consented to be sued. Regardless of state law characterization, the Federal Tort Claims Act itself precludes the imposition of liability if there has been no negligence or other form of 'misfeasance or nonfeasance' ... on the part of the Government." *Laird*, 406 U.S. at 799, 92 S.Ct. at 1900–01.

## IV.

■ Plaintiff also contends that the government failed adequately to supervise or control construction site safety. (Complaint, ¶ 13) The government asserts that New York law places no duty on a landowner to supervise a contractor's work. Regardless of whether plaintiff can state this claim under New York law, the United States' decision regarding the extent to which it would supervise Kokolakis' safety precautions is discretionary, and under the FTCA's "discretionary function exception" cannot form the basis for a claim. 28 U.S.C. § 2680(a).

Section 2680(a) of Title 28 provides that the FTCA does not apply to "[a]ny claim based upon an act or omission of an employee of the Government ... based upon

the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." The Supreme Court has read this exception to express Congress' desire to prevent "judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984), *reh'g denied*, 468 U.S. 1226, 105 S.Ct. 26, 82 L.Ed.2d 919 (1984). A decision need not be obviously political in order to be discretionary; indeed, a federal agency's determination as to the extent to which it will supervise a contractor's safety procedures "demonstrates discretionary policy considerations which required a weighing of various concerns for public safety against administrative impracticability of maintaining a large inspection staff." *Maltais*, 546 F.Supp. at 101.

Here, the Coast Guard reserved the right to inspect the site, but delegated the task of taking "all reasonable safety and health measures" to Kokolakis. During the actual construction, the Coast Guard probably chose not to supervise the project closely enough to inspect the ladders used by each worker. Courts consistently have held that safety decisions such as this one lie within the discretionary function exception. As the Court of Appeals stated in *Blaber v. United States*, 332 F.2d 629 (2d Cir.1964), a case involving the Atomic Energy Commission with facts similar to those at bar,

> The AEC may have considerable power to control the activities of private companies through contracts, but when the Commission decides the extent to which it will undertake to supervise the safety procedures of private contractors, it is exercising discretion at one of the highest planning levels. Decisions of this kind are therefore within the 'discretionary function' exception of 28 U.S.C. § 2680(a).

and their agents for such work ... shall comply therewith."

*Blaber*, 332 F.2d at 631. *See also Varig Airlines*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660; *Caban v. United States*, 671 F.2d 1230 (2d Cir.1982).

\* \* \*

There is no genuine issue of material fact presented in this case, plaintiff's claims are barred by the doctrine of sovereign immunity, and the Government's motion for summary judgment must be granted pursuant to Fed.R.Civ.P. 56.