George W. CLARKE and Yongwei Guo, As Administrators of the Estate of Qian Wu, Deceased and Yongwei Guo, individually as Surviving Spouse, Plaintiffs,

v.

UNITED STATES of America, Defendants.

No. 13–cv–3080 WFK MDG.

United States District Court, E.D. New York.

Signed June 3, 2015.

Filed June 4, 2015.

———

Jacob Yiping Chen, George Walter Clarke, Dai & Associates, P.C., New York, NY, for Plaintiffs.

United States Attorneys Office, Eastern District of New York, Brooklyn, NY, for Defendants.

## DECISION & ORDER

WILLIAM F. KUNTZ II, District Judge:

By complaint filed May 28, 2013, Plaintiffs George W. Clarke and Yongwei Guo, as Administrators of the Estate of Qian Wu ("Wu"), deceased, and Yongwei Guo, individually, as the surviving spouse of Qian Wu (collectively, "Plaintiffs"), seek to hold Defendant, the United States of America ("Defendant"), liable for the death of Wu, who was killed by Huang Chen ("Chen") in January 2010, approximately three months after Chen was released from the custody of United States Immigration and Customs Enforcement ("ICE"). Plaintiffs bring their claim for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) *et seq.* alleging that (1) ICE should have prevented Chen from killing Wu, (2) ICE committed medical malpractice by failing to treat Chen's mental illness properly, and (3) ICE failed to disclose to Wu's survivors information concerning the circumstances of her death. Defendant moves to dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and Rule 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim. For the reasons discussed below, Defendant's motion is GRANTED.

## BACKGROUND

In 2006, Wu, then a resident of Flushing, Queens, New York, was attacked (the "2006 Attack") by Chen, an international merchant seaman who had developed romantic feelings towards Wu. Dkt. 1 ("Complaint") at ¶ 14; Dkt. 21 ("Deck of Jacob Chen") at ¶ 4. During the 2006 Attack, Chen attempted to strangle Wu with a piece of rope but was unsuccessful, and Wu survived. *Id.* Chen was arrested by New York authorities for the 2006 Attack and pled guilty to felony assault in the second degree. Complaint at ¶ 15. Chen was sentenced to ten months imprisonment for the 2006 Attack. Decl. of Jacob Chen at ¶ 6. In October 2006, after serving his ten month sentence, Chen was released into the custody of ICE for deportation and removal from the United States since Chen was a citizen of China and not a citizen of the United States. Complaint at ¶ 17–18; Dkt. 20 ("Memo, in Support of Motion to Dismiss") at p. 8. ICE assumed custody of Chen at Rikers Island, New York and transported him to the Bergen County, New Jersey Jail, where Chen remained until November 3, 2006. Dkt. 19 ("Deck of Joseph P. Laws") at ¶ 3a. On November 3, 2006, Chen was transferred from the Bergen County, New Jersey Jail to the El Paso, Texas Processing Center where he remained until April 15, 2008. Memo, in Support of Motion to Dismiss at p. 8; Deck of Joseph P. Laws at ¶ 3b.

Due to the difficulty of removing Chen to China, Chen was released from ICE custody on an Order of Supervision on April 15, 2008. Deck of Jacob Chen at ¶ 11; Memo, in Support of Motion to Dismiss at p. 9. Less than two months later, Chen violated the Order of Supervision by committing an assault causing bodily injury and was sentenced to ninety days confinement in the El Paso County Jail. Deck of Jacob Chen at ¶ 12. On August 9, 2008

Chen was again released into the custody of ICE and booked into the El Paso, Texas Processing Center ("EPPC"). Memo, in Support of Motion to Dismiss at 9. Due to continued difficulties of removing Chen to China, Chen was released from ICE custody on October 28, 2009 on an Order of Supervision (the "2009 Order of Supervision"). Memo, in Support of Motion to Dismiss at 9; Deck of Joseph P. Laws at ¶ 3k; Decl. of Jacob Chen at ¶ 21. As part of the 2009 Order of Supervision, Chen was required to report to the EPPC on November 30, 2009, required to appear for medical and psychiatric examination upon ICE's request, and prohibited from traveling outside El Paso without notifying the ICE office in El Paso. Memo in Support of Motion to Dismiss at p. 9; Decl. of Jacob Chen at ¶ 23. Chen did not report to the EPPC as required on November 30, 2009. Decl. of Jacob Chen at ¶ 23.

On January 26, 2010, Chen attacked and killed Wu in the stairwell of her apartment complex in Queens County, New York (the "2010 Attack"). Complaint at 31; Decl. of Jacob Chen at ¶ 28; Memo, in Support of Motion to Dismiss at p. 9. Chen pled guilty to a reduced charge of manslaughter in the first degree for the 2010 Attack and was given a sentence of twenty-five years imprisonment. Complaint at ¶ 34. Chen was also sentenced to an additional three years for tampering with the physical evidence relating to Wu's death. *Id.*

On May 28, 2013, Plaintiffs commenced this action seeking monetary damages alleging Defendant is liable for the death of Wu under the FTCA for its negligent acts. Complaint at ¶ 1–2.

## DISCUSSION

### I. Standard for Dismissal

#### a. Dismissal Pursuant to Rule 12(b)(1)

██ "A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rules of Civil Procedure] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000) (citing Fed. R.Civ.P. 12(b)(1)). "Once challenged, the burden of establishing jurisdiction rests with the party asserting that it exists. The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction." *Augienello v. F.D.I.C.,* 310 F.Supp.2d 582, 587–88 (S.D.N.Y.2004) (Sweet, J.) (internal citations omitted).

██ "On a motion to dismiss for lack of subject matter jurisdiction, the court may resolve disputed jurisdictional factual issues by reference to evidence outside the pleadings" such as affidavits or other evidence. *Id.* at 588 (citing *Kamen v. Am. Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986)). "[C]ourts must accept as true all material factual allegations in the complaint" and "refrain from drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." *Fox v. Commonw. Worldwide Chauffeured Transp. of NY, LLC,* No. 08–CV–1686, 2009 WL 1813230, at *1 (E.D.N.Y. June 25, 2009) (Garaufis, J.) (internal quotation marks and citations omitted).

#### b. Dismissal Pursuant to Rule 12(b)(6)

██ To survive a motion to dismiss pursuant to Rule 12(b)(6), each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted). A sufficiently pled complaint "must provide 'more than an unadorned, the-defendant-unlaw-

244

fully-harmed-me accusation.' " *Pension Benefit Guar. Corp. v. Morgan Stanley Inv., Mgmt., Inc.,* 712 F.3d 705, 717 (2d Cir.2013) (quoting *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937). If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (internal quotation marks and alteration omitted). At this stage, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of Plaintiff, the non-movant. *Harris v. Mills,* 572 F.3d 66, 71 (2d Cir.2009). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 72 (citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937) (internal quotation marks and alteration omitted). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955) (internal quotation marks omitted). Legal conclusions must be supported by factual allegations. *Id.; Pension Benefit Guar. Corp.,* 712 F.3d at 717–18. With these principles in mind, the Court turns to an analysis of Defendant's motion to dismiss.

## II. Analysis

### a. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims

■ In this case, Plaintiffs seeks to hold Defendant liable for the murder of Wu under the FTCA. At the heart of Plaintiffs' Complaint is the argument that Defendant failed to prevent Chu from murdering Wu—*i.e.,* by failing to warn Wu

of Chen's release, by failing to supervise Chen, by failing to remove Chen from the United States, and by failing to provide proper medical treatment to Chen. Complaint; *see also* Dkt. 22 ("Memo in Opp."). According to Plaintiffs, "Defendant had a duty under federal law, under the express terms of federal immigration law, under the standing orders of the Federal Court and the Federal Immigration Court as it had ruled as [to] Huang Chen, then in the [D]efendant's custody, and under the Federal Tort Claims Act to take the aforementioned actions." Complaint at ¶ 39. Defendant seeks to dismiss this action claiming "[t]he Court lacks subject matter jurisdiction over the claims, as the FTCA's waiver of sovereign immunity does not extend to tort claims predicated on violations of duties imposed by federal law." Memo, in Support of Motion to Dismiss at p. 5. For the reasons discussed immediately below, the Court agrees with Defendant.

■ "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (internal quotations, brackets, ellipsis, and citations omitted). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *Id.* (citation and internal quotation marks omitted). "In 1946, Congress enacted the [FTCA], which constitutes a limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified circumstances." *Liranzo v. United States,* 690 F.3d 78, 84–85 (2d Cir.2012) (internal quotation marks omitted) (citing *Hamm v. United States,* 483 F.3d 135, 137 (2d Cir.2007)). The FTCA provides jurisdiction in the federal courts and waives the

sovereign immunity of the United States for:

> money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Because waiver of sovereign immunity occurs "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred[,]" *id.*, "the FTCA directs courts to consult state law to determine whether the government is liable for the torts of its employees." *Liranzo*, 690 F.3d at 86 (citing *FDIC v. Meyer*, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)). As such, "[t]he FTCA does not waive sovereign immunity for claims based solely on alleged violations of federal law." *Id.* (citing *Meyer*, 510 U.S. at 478, 114 S.Ct. 996).

Applying these principles to this case, because Plaintiffs' claims are predicated on the contention that "Defendant had a duty under federal law, under the express terms of federal immigration law, under the standing orders of the Federal Court and the Federal Immigration Court as it had ruled as [to] Huang Chen, then in the [D]efendant's custody, and under the Federal Tort Claims Act" to prevent Chen from murdering Wu, Plaintiffs' claims do not provide a cause of action under the FTCA. Complaint at ¶ 39. This is especially true because it has been "consistently held that [the FTCA's] reference to the 'law of the place' means law of the State—

the source of substantive liability under the FTCA." *Meyer*, 510 U.S. at 478, 114 S.Ct. 996. Plaintiffs' complaint is devoid of any such allegation. As such, the Court lacks subject matter jurisdiction over Plaintiffs' claims.

### b. Plaintiffs' Claims are Barred by the Discretionary Function Exception

Even if Plaintiffs' Complaint were predicated on state law, it would fail for the independent reason that all of Plaintiffs' claims are barred by the discretionary function exception ("DFE") of the FTCA.

■ The liability of the United States under the FTCA is subject to various exceptions contained in 28 U.S.C. § 2680, including the DFE. The DFE provides that the United States is not liable for:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). "The purpose of the [DFE] is to prevent judicial second guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Moreno v. United States*, 965 F.Supp. 521, 526 (S.D.N.Y.1997) (Kram, J.) (citing *Berghoff v. United States*, 737 F.Supp. 199, 204 (S.D.N.Y. 1989) (Mukasey, J.) (internal quotation marks omitted)).

■ To determine whether the DFE applies, two conditions must be met: First, "the acts alleged to be negligent must be discretionary, in that they involve an ele-

ment of judgment or choice and are not compelled by statute or regulation[,]" and second, "the judgment or choice in question must be grounded in considerations of public policy or susceptible to policy analysis[.]" *Molchatsky v. United States,* 778 F.Supp.2d 421, 430 (S.D.N.Y.2011) (Swain, J.) (citing *Coulthurst v. United States,* 214 F.3d 106, 109 (2d Cir.2000)) (internal quotation marks and brackets omitted).

 Under the first prong:

[t]he first question is whether the challenged governmental conduct was discretionary. If there is a federal statute, regulation, or policy that dictates a specific course of action for a government employee to follow[,] then there is no discretion in the conduct for the [DFE] to protect. However, where the applicable rules permit the employee to exercise judgment or choice then by definition there is room for discretion on the part of that employee.

*Brotman v. United States,* 111 F.Supp.2d 418, 423 (S.D.N.Y.2000) (Sweet, J.) (internal quotation marks and citations omitted).

 Under the second prong:

[the] question is whether, if the conduct was discretionary, that conduct is based on considerations of public policy. This part of the inquiry is not focused on the subjective intent of the government official or employee in exercising her discretion but, rather, is focused on the nature of the actions taken and on whether they are susceptible to policy analysis. Moreover if, pursuant to federal statute, regulation, or agency guidelines, a government official or employee is permitted discretion, then there is a presumption that the exercise of that discretion implicates policy judgments.

*Id.* (internal quotation marks and citations omitted).

 As briefly discussed above, "[i]n opposing a motion to dismiss a com-

plaint pursuant to Federal Rule of Civil Procedure 12(b)(1), the party invoking the Court's jurisdiction bears the burden of demonstrating that subject matter jurisdiction exists." *Molchatsky,* 778 F.Supp.2d at 431 (citations omitted). In the FTCA context:

[the] plaintiff bears the burden of showing that the DFE does not apply to his claim. A complaint can survive a motion to dismiss based on lack of subject matter jurisdiction if it alleges facts that could embrace a nondiscretionary decision that caused the injury and the United States does not establish that the decision in question was grounded in questions of public policy. It is [the] plaintiff's burden in the first instance to come forward with a complaint that adequately alleges a claim that not barred by the DFE. If the Government responds by demonstrating that the action falls within a discretionary framework, [the] plaintiff must rebut the Government's showing sufficiently to demonstrate that there is a plausible case for non-discretionary or non-policy action in order to defeat dismissal.

*Id.* (internal quotation marks and citations omitted). Here, Plaintiffs have not met their burden.

 Plaintiffs allege that Defendant was negligent in failing to prevent Chu from murdering Wu by failing to warn Wu of Chen's release, by failing to supervise Chen, by failing to remove Chen from the United States, and by failing to provide proper medical treatment to Chen. Complaint; *see also* Memo in Opp. Therefore, under the first prong, Plaintiffs have the burden of showing that the challenged actions of Defendant were not discretionary but were instead "controlled by mandatory statutes or regulations." *U.S v. Gaubert,* 499 U.S. 315, 328, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). Plaintiffs have not done so. Although Plaintiffs attempt to

argue that Defendant was required to remove Chen within ninety-days upon the order of removal under 8 U.S.C. § 1231(a)(1), such an argument is misplaced. *See* Memo in Opp. at 5–7, 9–10. Under 8 U.S.C. § 1231(a)(6), if the alien is a criminal alien, there is no limitation on the length of detention of a criminal alien who has been ordered removed. Because Chen is a criminal alien, there is no mandatory statute or regulation that would have dictated Chen's removal within ninety days upon being ordered removed. *See* 8 U.S.C. § 1231(a)(6).

Plaintiffs do not point to any mandatory statute or regulation that would have required Defendant to warn Wu of Chen's release, to supervise Chen, to remove Chen, and to provide proper medical treatment to Chen. *See, e.g., Brotman,* 111 F.Supp.2d at 424. In fact, rather than identifying a mandatory statute or regulation, Plaintiffs' Complaint is filled with bare assertions that Defendant violated "multiple federal laws and court orders[,]" violated "numerous USA immigration laws and outstanding federal court orders[,]" and "had a duty under federal law[.]" Complaint at ¶¶ 26, 28, 39. Such bare and conclusory statements are not sufficient to establish that Defendant's actions were not discretionary but instead were dictated by mandatory regulations and statutes.

Plaintiffs next attempt to argue that the DFE should not apply because Defendant "undertook the medical treatment of Huang Chen" in a negligent manner. Memo in Opp. at 23. To support their argument, Plaintiffs rely on the Fifth Circuit case *Payton v. United States,* 679 F.2d 475 (5th Cir.1982). However, Plaintiffs' reliance on *Payton* is misplaced. Under *Payton,* the DFE does not apply where "the government undertakes to perform services which would *not be required* in the absence of specific legislation," that are performed negligently. *Id.* at 483 (ci-

tation omitted) (emphasis added). Here, however, Plaintiffs have not made any allegations to suggest Defendant undertook any services which "would not be required in the absence of specific legislation[.]" *Id.* Rather, Plaintiffs' Complaint alleges that instead of undertaking medical services that would not be required, Defendant made no effort to provide Chen with medical treatment. *See, e.g.,* Complaint at ¶¶ 23, 27(b); *see also* Memo in Opp. at 16. Because Defendant did not undertake to perform any medical services which would not be required in the absence of specific legislation, the analysis in *Payton* is inapplicable here.

Based on the foregoing, Plaintiffs have not established that Defendant's actions were not discretionary. Therefore, the first prong of the DFE is met.

Under the second prong, "where the relevant federal statute, regulation, or agency guidelines permits for the exercise of discretion by a government official or employee then there is a presumption that the exercise of that discretion implicates policy judgments." *Brotman,* 111 F.Supp.2d at 425 (citing *Gaubert,* 499 U.S. at 324, 111 S.Ct. 1267). "This presumption can be overcome if the plaintiff can show that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Young v. United States,* 12–CV–2342, 2014 WL 1153911, at *14 (E.D.N.Y. Mar. 20, 2014) (Ross, J.) (internal quotation marks and citation omitted). Plaintiffs have failed to rebut this presumption.

Plaintiffs attempt to rebut the presumption by arguing the DFE should not apply because "[t]he decision to not undertake [any steps to remove Chen or facilitate his removal], even were they the product of 'discretion' certainly constitute lazy or careless conduct and therefore would not be grounded in considerations of public policy." Memo in Opp. at 10. As

discussed in *Gaubert*, the DFE does not apply to allegations of negligence that do not involve considerations of public policy, such as carelessness or laziness. *Gaubert*, 499 U.S. at 323, 111 S.Ct. 1267; *see also Young*, 2014 WL 1153911, at *15 ("Plaintiff can overcome the FTCA's [DFE] if he can demonstrate that the officers' actions in this case were the result of laziness, carelessness, or inattentiveness, rather than grounded in policy considerations.").

Here, however, Plaintiffs provide no allegations as to how Defendant was lazy or careless in removing Chen from the United States. To the contrary, Defendant made every effort to remove Chen from the United States and return him to China. *See* Dkt. 23 ("Declaration of Alfredo Campus"). For example, Defendant sent numerous travel documents request to the Chinese Consulate and attempted to contact the Chinese Consulate on several occasions to no avail. *Id.* at ¶¶ 3(d), 3(j), 3(m), 3(o), 3(s), 3(t). Moreover, Plaintiffs have not alleged negligence of the same sort as that set forth in *Gaubert*. Instead, the Complaint contains allegations that only involve discretionary functions—the Defendant's failure to warn Wu of Chen's release, the failure to supervise Chen, the failure to remove Chen from the United States, and the failure to provide proper medical treatment to Chen. *See* Complaint. As such, Plaintiffs are unable to rebut the presumption that Defendant's actions were not grounded in policy considerations.

Lastly, Plaintiffs attempt to argue that the DFE does not apply because "[t]he failure to exercise due care in the performance by the United States in monitoring Huang Chen while Huang Chen was on parole constitutes actionable negligence not excused by the DFE." Memo in Opp. at 14. To support their argument, Plaintiffs rely on *Marin v. United States*, 814 F.Supp. 1468 (E.D.Wash.1992). However, the holding in *Marin* is not analogous to the facts in this case. In *Marin*, the Government failed to warn the victim that a federal felon who had been working undercover with the Government had been released from its custody. After being released from custody, the federal felon murdered the victim. *Id.* at 1469–70. The *Marin* court found that the DFE exception did not apply because the case involved an informant working directly with the Government, who had a known history of assaults and death threats against the victim, and who had a history of not following effective undercover operations. *Id.* at 1483. Although the Government attempted to argue that it failed to warn the victim because policy considerations with respect to undercover operations outweighed any safety considerations, the *Marin* court disagreed. *Id.* Unlike *Marin*, Chen was not a Government informant who had a known history of assaults and death threats against Wu. Additionally, unlike the defendant in *Marin* who had repeatedly attacked in victim, Chen had only once previously assaulted Wu four years prior to the 2010 attack. In any event, courts since *Marin* have articulated that no safety exception exists, *i.e.*, a failure to warn, because "there is no generalized safety exception to the discretionary function doctrine." *Brotman*, 111 F.Supp.2d at 426 (internal quotation marks and citations omitted). Therefore, the second prong of the DFE is met. As a result, the Court lacks subject matter jurisdiction to entertain Plaintiffs' Complaint as Plaintiffs' claims are barred by the DFE.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, Dkt. 18, is hereby GRANTED.

**SO ORDERED.**